UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

LEMMIE SIMMONS,                          )
                                         )
            Plaintiff(s),                )
                                         )
      vs.                                )          Case No. 2:05CV68 JCH
                                         )
MISSOURI DEPARTMENT OF                   )
CORRECTIONS, et al.,                     )
                                         )
            Defendant(s).                )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, filed February 9, 2006.

(Doc. No. 8). Plaintiff has not responded to the motion.

By way of background, Plaintiff filed his Complaint in this matter on October 25, 2005. (Doc.

No. 2). In his Complaint, Plaintiff seeks monetary, declaratory, and injunctive relief for alleged

violations of his constitutional rights. Specifically, Plaintiff claims Defendants Missouri Department

of Corrections and Gary Kemper violated his rights under 42 U.S.C. § 1983 and Title II of the

Americans with Disabilities Act, 42 U.S.C. § 12131 et seq, when they accepted him in a court-

ordered drug treatment program without properly determining his eligibility to participate.[1] (Compl.,

PP. 5-7).

In their Motion to Dismiss, Defendants Missouri Department of Corrections and Gary Kemper

assert Plaintiff's Complaint must be dismissed for failure to exhaust administrative remedies. Under

the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, a prisoner cannot bring a § 1983

---

[1] Plaintiff subsequently was terminated from the treatment program, and ordered to serve ten years imprisonment. (Compl., PP. 4-5). He currently is serving his sentence at the Northeast Correctional Center in Bowling Green, Missouri. (Id., P. 2).

action with respect to prison conditions without first exhausting his available administrative remedies. 42 U.S.C. § 1997e(a). The requirement that a prisoner exhaust prison grievance remedies applies to all prisoners seeking redress for prison "circumstances or occurrences," even when the prisoner seeks relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).[2]

If exhaustion of administrative remedies is not completed at the time of the filing of the lawsuit, dismissal of the action is mandatory under the PLRA. Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003). The assertion that a plaintiff failed to exhaust all available administrative remedies as mandated by the PLRA is an affirmative defense; it is the burden of the defendant asserting this affirmative defense to plead and prove it. Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001). The underlying principle of the 1997e(a) exhaustion requirement is to give notice to administrators and allow policy makers to change their behavior. Thomas v. Woolum, 337 F.3d 720, 725-26 (6th Cir. 2003).

The Missouri prison grievance process provides that an inmate must first file an Informal Resolution Request ("IRR") within fifteen days of the incident. (Defendants' Motion to Dismiss, P. 4). A response from prison officials is due thirty days later. (Id.). Second, the inmate may appeal the IRR response by filing an Inmate Grievance within five working days of receipt of the IRR response. (Id.). Another response from the prison is due thirty days later. (Id.). Third, if the inmate is not satisfied with the grievance response, he may file an Inmate Grievance Appeal within five working days of the response. (Id.). The grievance procedure is considered fully exhausted after step three of the process, i.e., completion of the grievance appeal. (Id.).

---

[2] The exhaustion requirement extends to claims brought pursuant to § 1983 and the ADA. See Jones v. Smith, 266 F.3d 399 (6th Cir. 2001); see also Missouri Department of Corrections' Manual, D5-3.2 I, Offender Grievance.

In their motion, Defendants assert Plaintiff has failed even to initiate the grievance process regarding the issues involved in this case. (Defendants' Motion to Dismiss, P. 4). As support for this assertion, Defendants attach an affidavit from Robert L. Sherman, Grievance Officer at Northeast Correctional Center, stating in relevant part as follows:

> 2. My job duties include maintaining the custody and control of the grievance files as they pertain to the offenders assigned to Northeast Correctional Center.
>
> 3. A search and review of the computer records and the original complaints find that Offender SIMMONS, Lemmie Register Number 521389 reveals that Offender SIMMONS has filed no complaints since his incarceration within the Missouri Department of Corrections.

(Doc. No. 18). As stated above, Plaintiff has not responded to Defendants' assertions. Thus, dismissal without prejudice is appropriate, because Plaintiff has failed to show that he exhausted his administrative remedies as to the claims raised in the instant Complaint. See Kozohorsky v. Harmon, 332 F.3d 1141, 1143 (8th Cir. 2003).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. 8) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** without prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendants' Second Motion to Dismiss (Doc. No. 11) is **DENIED** as moot.

Dated this 31st day of May, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE